HAWKINS, Chief Justice,
Opinion on Motions:
All of the attorneys in this case are highly qualified and respected practicing attorneys, and there should be nothing about either the majority or dissenting opinion which would suggest otherwise. Sanctions are in order, however, as pointed out in Presiding Justice Lee’s opinion, and which I join for the following reasons:
(1) It never occurred to Ms. Gibbes to give opposing counsel any meaningful notice that she was filing a petition for emergency relief with this Court. Professional courtesy was, at best, minimal, and she showed little concern for the rights of opposing counsel.
(2) Reeves, a former law clerk with this Court, used this knowledge to contact a staff attorney rather than the Clerk of this Court that an emergency petition would be filed. I quickly add that there is nothing indicating that he endeavored in any way to “ear-wig” the staff attorney.
(3) Attorneys with any kind of extensive law practice are painfully aware of the terrible burden under which this Court labors in endeavoring to process the mountainous volume of eases, motions and administrative matters, and the depressing backlog of cases needing decision and disposition. Certainly this leading law firm had to be especially aware, and most especially Reeves had to be cognizant of this. This makes it imperative, if any attorney has any consideration whatever for the members of this Court, that he or she carefully consider whether this Court’s time should be diverted on some petition for emergency relief, in the first place. This is not an ordinary court pleading. And, if such a petition is to be filed, above all the attorney is under a duty to make doubly sure it is accurate. The petition filed in this case was of dubious necessity, and slipshod accuracy, evincing to me, at least, a minimal concern for the workload under which the members of this Court labor, and the strain upon our time. If such a petition was indeed thought necessary, counsel was doubly obligated to be certain it was absolutely accurate. Again, concern for this Court was ignored.
(4)Finally, when counsel learned the issue was moot, they were under an obligation to immediately transmit this information to the Court, rather than letting three members of this Court have to take time examining the petition. Three Justices’ time was needlessly consumed considering a petition on a moot issue.
The practice of law is a profession. Lawyers, as officers of the Court, and Judges have a mutual obligation each to the other to be considerate of their respective professional positions. This is the valuable lesson contained in this case. I am confident that all involved will take it in this spirit, and we can move on.
DAN M. LEE, P.J., joins this opinion.